THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JESTINA CLAYTON, | ) | Case No.  2:11CV379  DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| MARK STEINAGEL, | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

Plaintiff Jestina Sunkarie Bangura-Clayton does African hair braiding.  She does not use heat or chemicals or cut hair.  She has been braiding hair for years, and she wants to be able to charge for her services.  The State of Utah, however, says that Justina is a cosmetologist, and as such, cannot legally braid hair for money unless she spends thousands of dollars for hundreds of hours of classes that have nothing to do with her occupation of natural braiding.  Plaintiff filed this suit, arguing that Utah's cosmetology/barber licensing scheme should be found unconstitutional as applied to her because that scheme is not rationally related to any legitimate state interest.  She has brought claims under the Fourteenth Amendment's Due Process, Equal Protection, and Privileges or Immunities clauses to protect her economic liberty:  her right to pursue her chosen livelihood free from arbitrary, excessive, and irrational government regulation. Both parties have filed Motions for Summary Judgment.   Jestina concedes that her Privileges or Immunities Clause argument is foreclosed by the U.S. Supreme Court's decision in the

*Slaughter-House Cases*,[1] and that only the Supreme Court can overturn the *Slaughter-House Cases*. Therefore, this Court grants summary judgment to the Defendant as to Jestina's privileges or immunities claim, but preserves it for possible Supreme Court review. As to Plaintiff's remaining claims, the Court finds in favor of the Plaintiff.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there are no disputed issues of material fact and "the moving party is entitled to judgment as a matter of law."[2] On summary judgment the court views the evidence and draws inferences in a light most favorable to the non-moving party. However the party must set forth specific facts showing that there is a genuine issue for trial.[3] Summary judgment is still appropriate when the parties do not dispute the events that occurred, but rather dispute the interpretation that should be given to those facts.

## III.  ANALYSIS

Review of both Plaintiff's Due Process and Equal Protection claims must be based on the rational relation test. The Court must decide whether there is any rational connection between Utah's regulatory scheme and public health and safety when applied to Jestina. In order to prove a substantive due process claim, a plaintiff must plead and prove that the government's action was clearly arbitrary and unreasonable, having no substantial relation to public health, safety,

---

[1] 83 U.S. 36 (1873).

[2] Fed. R. Civ. P. 56(c).

[3] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).

morals, or general welfare.[4]  While the fit between this interest and the means employed need not be perfect, it must be reasonable.  "There must be some congruity between the means employed and the stated end or the test would be a nullity."[5]  The Supreme Court has long recognized that "a state can require high standards of qualification" to pursue an occupation, "but any qualification must have a rational connection with the applicant's fitness or capacity" to engage in the chosen profession.[6]  Courts have also made it clear that a state may not "treat[] persons performing different skills as if their professions were one and the same, i.e., . . . attempt[] to squeeze two professions into a single, identical mold," because this results in standards of qualification that have no rational connection to a person's actual profession.[7]

The State notes that public safety, health, and welfare are significant reasons for the regulation of the cosmetology/barber industry.  The Utah Barber Cosmetologist/Barber, Esthetician, Electrologist, and Nail Technician Licensing Act ("Act") defines the practice of cosmetology/barbering to include styling, arranging, dressing, curling, waving, permanent waving, cleansing, singeing, bleaching, dyeing, tinting, coloring, or similarly treating the hair of the head of a person.  The State has determined that under this definition, African hair braiding falls within the scope of practice of cosmetology/barbering as a styling technique.  The State asserts that the styling of hair, including hair braiding, requires knowledge of sanitation,

---

[4] *Village of Euclid v. Amber Reality Co.,* 272 U.S. 365, 396 (1926).

[5] *Cornwell v. Hamilton,* 80 F.Supp.2d 1101, 1118 (S.D. Cal. 2001)(cosmetology regulations not rationally related to public health or safety when applied to natural hairbraiding).

[6] *Schware v. Bd. of Bar Examiners of New Mexico,* 353 U.S. 232, 239 (1957).

[7] *Cornwell,* 80 F. Supp. 2d at 1103.

sterilization, diseases of the skin and scalp as well as an understanding of business and business laws including local and state health requirements.  Sanitation and sterilization requirements are necessary to protect the public and the licensed professionals from harm caused by the transmission of lice and diseases like HIV AIDS.

However, the facts of this particular case must be considered.  Under the rational basis test, "the existence of facts supporting the legislative judgment is to be presumed . . . *unless in the light of the facts made known or generally assumed* it is of such a character as to preclude the assumption that it rests upon some rational basis within the knowledge and experience of the legislators."[8]   It is undisputed in this case that the legislature never considered African hair braiding when creating its licensing scheme and that the State has never investigated whether African hair braiding is a threat to public health or safety.  And Jestina is challenging the licensing scheme only to the extent that it applies to African hair braiding; she is not seeking the deregulation of cosmetology.

A number of facts are helpful in determining whether there is a rational relationship between the State's interest in public health and safety and the State's licensing regulations as applied to Jestina:

- By the State's own admission, 1400 to 1600 of the 2000 hours of the mandatory curriculum are irrelevant to African hairbraiding, yet Jestina is still required to take those classes, and be tested on those topics, in order to braid hair.  Mem. In Supp of Pl.'s Mot for Summ. J. (Doc 28) SUF ¶¶ 63-78.
- The State admits that it cannot guarantee that the subjects it claims are relevant to African hair braiding will be given more than minimal time in any cosmetology/barber school, making even its estimate of "relevant hours" speculative.  *Id.* SUF ¶ 64.

---

[8] *United States v. Carolene Prods. Co.,* 304 U.S. 144, 152 (1938) (emphasis added).

- The State does not know which schools, if any, teach African hair braiding; how many hours, if any, of African hair braiding instruction are available at those unknown schools; or whether the unknown number of hours of instruction at those unknown schools are mandatory or elective.  *Id.* SUF ¶ 83.
- The textbooks that Utah admits set the standard of its cosmetology/barber curriculum total approximately 1700 pages, but only 38 pages mention braids of any kind, much less African braids.  *Id.* SUF ¶¶ 79-80.
- Utah admits that the practical examination it requires to obtain a cosmetology license is irrelevant to African hairbraiding and that it has no idea whether its written examination requires any knowledge of natural or African hairbraiding.  *Id.* SUF ¶¶ 68-69, Statement of Additional Uncontested Facts ¶¶ 1-3.
- Utah admits that under its cosmentology regime, one versed in the skills of African hair braiding may not practice them for pay without a cosmetology license; at the same time, one with a cosmetology/barber license is not required to have any experience or skill in African hair braiding.  Mem.in Supp. Of Pl.'s Mot. For Summ. J. (DOC 28) SUF ¶ 84.l
- Utah admits that it never considered African hair braiding when creating its licensing scheme and has never investigated whether African hair braiding is a threat to public health or safety.  *Id.* SUF ¶¶ 48-52.

These facts demonstrate an insufficient rational relationship between public health and safety and the actual regulatory scheme as applied to Jestina.

Utah's regulations do not advance public health and safety when applied to Jestina because Utah has irrationally squeezed "two professions into a single, identical mold," by treating hair braiders–who perform a very distinct set of services–as if they were cosmetologists.[9] The scope of Jestina's activities are distinct and limited when compared to cosmetologists.  She does not use chemicals, shampoo, cut or color hair, or do facials, shaves, esthetics, or nails.  Even if she were defined as a cosmetologist, the licensing regimen would be irrational as applied to her because of her limited range of activities.  Most of the cosmetology curriculum is irrelevant to hairbraiding.  Even the relevant parts are at best, minimally relevant.

---

[9] *Cornwell v. Hamilton*, 80 F.Supp.2d 1101, 1103 (S.D.Cal. 2001).

Utah's cosmetology/barbering licensing scheme is so disconnected from the practice of African hairbraiding, much less from whatever minimal threats to public health and safety are connected to braiding, that to premise Jestina's right to earn a living by braiding hair on that scheme is wholly irrational and a violation of her constitutionally protected rights. "[T]he right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity" that the Constitution was designed to protect.[10]

### IV.  CONCLUSION

For the foregoing reasons, this Court grants summary judgment to the Defendant as to Plaintiff's privileges or immunities claim, while preserving it for possible Supreme Court review. As to the remainder of Plaintiff's claims, the Court finds Utah's Cosmetology Act and licensing regulations unconstitutional and invalid as applied to Plaintiff Jestina Sunkarie Bangura-Clayton and grants her motion for summary judgment.

SO ORDERED.

DATED this 8th day of August, 2012.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT

---

[10] *Truax v. Raich,* 239 U.S. 33, 41 (1915).