THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JESTINA CLAYTON, | ) | Case No. 2:11CV379 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| MARK STEINAGEL, | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

On August 8, 2012, this Court issued an Order granting, in part, Plaintiff's Motion for Summary Judgment, finding that Utah's cosmetology/barbering licensing scheme as applied to the Plaintiff and her practice of African hair braiding violated her constitutionally protected rights. Plaintiff now moves for attorney's fees pursuant to 42 U.S.C. § 1988 and Rule 54(d)(2). Defendant does not dispute that Plaintiff is the prevailing party in the case and accordingly is entitled to an award of "a reasonable attorney fee." Defendant does not object to Plaintiff's claim for costs of $2,375.95 or paralegal fees of $11,135. Defendant does, however, object to Plaintiff's requested attorney fee award amount of $168,527.25 and requests the Court to award a substantially reduced amount instead.

The prevailing party for purposes of 42 U.S.C. § 1988 is allowed an award of "a reasonable attorney's fee." A reasonable attorneys' fee is determined by first calculating the lodestar,[1] which is ". . . the product of a reasonable rate in the relevant community multiplied by

---

[1] *See generally, Perdue v. Kenny A.,* 130 S. Ct. 1662, 1672 (2010).

the number of hours reasonably spent on the litigation,"[2] and then adjusting the lodestar upward or downward to account for the particularities of the case.[3] The U.S. Supreme Court in the *Perdue* case listed "several important virtues" of the lodestar method: (1) the lodestar method looks to prevailing market rates in the community and produces an award that *"roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case," (2) it is "readily administrable," and (3) it is "objective," permitting "meaningful judicial review" and producing "reasonably predictable results."[4] The U.S. Supreme Court noted in the *Perdue* case that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'"[5]

Plaintiff's claim of $168,527.25 in attorneys' fees is based on the following breakdown:

| Person | Hours | Rate | Total |
|---|---|---|---|
| Paul Avelar (8 yrs experience) | 493.9 | $ 240.00 | $ 118,536.00 |
| Tim Keller (13 yrs experience) | 44.25 | $ 275.00 | $ 12,168.75 |
| Maxwell Miller (36 yrs experience) | 76.25 | $ 350.00 | $ 26,687.50 |
| Kasey Higgins | 8.5 | $ 140.00 | $ 1,190.00 |
| Daniela Lazar | 76.5 | $ 130.00 | $ 9,945.00 |

Plaintiff has provided affidavits showing that the rates requested are reasonable and are in line with the prevailing market rates.

---

[2] *Lippoldt v. Cole,* 468 F.3d 1204, 1222 (10th Cir. 2006).

[3] *Zinna v. Congrove,* 680 F.3d 1236, 1242 (10th Cir. 2012)

[4] *Id.* (internal citations omitted).

[5] *Id.*

The State argues that although the lodestar analysis is primary, the court may consider factors outside of the lodestar amount and adjust the award upward or downward, depending on the facts of the particular case. First, the State asks the court to consider the reasonableness of the rates suggested by the Plaintiff. The State claims that the rates Plaintiff uses in her lodestar calculation do not reflect the prevailing market rate. However, it cites no supporting evidence for this claim, but simply asserts that it "is aware of civil rights cases where the State of Utah has been required to pay attorneys' fees at an average hourly rate of $220.00 an hour." Def.'s Resp. To Mot. For Attys' Fees and Bill of Costs (Doc. 48) 2-3. Without supporting evidence for this assertion, the court is unable to engage in productive analysis. There is no way to know whether this rate was from a recent case or an old one, whether the attorney had comparable experience to the attorneys in this case, etc.

The State also characterizes Mr. Avelar's hours as excessive and requests that the court revise the hours downward. However, it does not specify which entries are unreasonable or provide an explanation as to why such entries would be unreasonable for an attorney to bill. While the Plaintiff provided evidence to support her claim of the number of hours in the reasonable attorney's fees calculation, the State has provided no specific evidence, only general assertions of excessive hours. The court therefore finds that Plaintiff's lodestar amount of $157,392.25 for attorney fees is appropriate. Next the court must consider whether an upward or downward adjustment would be appropriate in this case.

3

The Tenth Circuit has stated that it is not enough "for a court to simply 'eyeball a fee request and cut it down by an arbitrary percentage.'"[6] Rather, a court should "determine what fee is reasonable by first calculating the lodestar-the total number of hours reasonably expended multiplied by a reasonable hourly rate-and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome."[7]

The court finds that some downward adjustment is appropriate in this case. Defendant requests that the lodestar be reduced by sixty percent to reflect a lack of "novelty and complexity," and a lack of a "broader public interest" in this litigation. There is a "strong presumption that the lodestar figure is reasonable."[8] The Supreme Court has made it clear that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee . . . [and] an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation."[9] The Court went on to say that "the novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors "presumably [are] reflected in the number of billable hours recorded by counsel."[10] However, the court in this case is not considering novelty and complexity to enhance attorney's fees, but rather a lack of novelty and complexity to adjust attorney's fees downward.

---

[6] *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012) (quoting *Bowder v. City of Moab*, 427 F.3d 717, 723 (10th Cir. 2005).

[7] *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012) (quoting *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

[8] *Id*, 1673.

[9] *See id.*

[10] *See id.*

In considering the novelty and complexity of this case, the State notes that the issue of the application of cosmetology licensing requirements to African hair braiding is neither novel nor complex and has been litigated by the Institute for Justice in several states. Moreover, the Institute for Justice specializes in professional licensing challenges and has raised the issue of licensing requirements in other cases not related to African hair braiding. The State asserts that the Institute is well versed on the legal procedures involved in litigating cases like the one at issue here and is also extremely familiar with how other states have dealt with licensing requirements. Plaintiff agrees with this assertion, but notes that "[T]he special skill and experience of counsel should be reflected in the reasonableness of the hourly rates."[11]

Another factor that can be considered in deciding whether to adjust the lodestar amount, however, is what has been awarded in similar cases. In the case of *Cornwell v. Hamilton*, which involved very similar issues to this case, the court awarded the Institute $25,000.00 in attorneys' fees. The facts of the *Cornwell* case were almost identical to this case, and it was the basis for the court's decision here. The Plaintiff in *Cornwell* was an African hair braider and was represented by the Institute. In *Cornwell* extensive discovery was conducted along with depositions of expert witnesses. Although *Cornwell* was decided in 1999, the cases are almost identical. The similarity of these two cases justifies a downward adjustment of the lodestar amount.

The State claims that this case lacks public purpose because Plaintiff brought the case on the narrow issue of whether Utah's Cosmetology Act should apply to her own African hair braiding practice. She did not raise the issue as part of a class action, and the decision is limited

---

[11] *Id.* at 1674 n. 5 (internal citation omitted).

in scope. The court finds that the consideration of public purpose is not relevant in a lodestar analysis. There is no suggestion in *Perdue* that the issue at stake should affect the lodestar. But even if it is relevant, protecting Plaintiff's constitutional rights serves a public purpose.

Based on the foregoing analysis, the court hereby awards Plaintiff's claim for costs of $2,375.95 and paralegal fees of $11,135. The court also awards Plaintiff the lodestar amount of $157,392.25 for attorneys' fees with a downward adjustment of 35% because of a lack of novelty and complexity, and because of a similar, almost identical, case. The total award is $113,439.97 in attorney fees,[12] and $2,375.95 in costs.

SO ORDERED.

DATED this _19th_ day of _December_, 2012.

BY THE COURT:

*/s/ David Sam*

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT

---

[12] $152,392.25 - 35% + 11,135 paralegal fees.